UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TONYA JOHNSON HYLES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No: 1:20CV148 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Tonya Hyles' Fourth Motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence, in which Petitioner argues that her sentence should be corrected based on *United States v. Davis*, ___U.S.___, 139 S.Ct/ 2319 (2019).  Respondent opposes the Motion.  For the reasons set forth below, the Motion is denied.

**Facts and Background**

Petitioner was originally charged in a Complaint with aiding and abetting the murder for hire of Coy Smith.  Petitioner initially agreed to cooperate with the investigation and entered into a proffer letter with the government on June 11, 2001.  On June 14, 2001, a Grand Jury returned a single count indictment

– 1 –

charging Petitioner with aiding and abetting murder for hire. These charges were dismissed, without prejudice on October 24, 2001.

Petitioner did not testify in the trial of Tyrese Hyles. Petitioner did not testify in the trial of Amesheo Cannon.

A grand jury returned an indictment against Petitioner on May 5, 2005. Petitioner was charged with conspiring to commit murder for hire with death resulting, aiding, and abetting murder for hire with death resulting, possession of a firearm in furtherance of the murder for hire conspiracy and conspiring for a felon to possess a firearm.

Petitioner filed a motion for specific performance of an alleged cooperation agreement with the government. Petitioner sought dismissal of the indictment based on her assertion that the government breached a cooperation agreement by re-indicting her. Petitioner claimed to have maintained her side of the bargain by providing truthful answers to questions put to her.

Judge Blanton held two hearings on Petitioner's motion. Judge Blanton concluded that there was no evidence to support Petitioner's contention that there was an agreement that a second indictment would not be filed against Petitioner. Indeed, Judge Blanton found the evidence to be contrary to Petitioner's claim. Judge Blanton recommended that the Court deny Petitioner's motion for specific

performance.

The Court adopted Judge Blanton's recommendation. This Court found that Petitioner had failed to satisfy the conditions precedent set forth in the government's proffer letter before an agreement could be reached.

Petitioner was tried before a jury on October 10, 2006. A verdict of guilty was returned on all charged counts on October 13, 2006. The Court imposed a life sentence on January 9, 2007. Petitioner appealed the conviction and sentence that same day.

The Eighth Circuit Court of Appeals affirmed Petitioner's convictions. The Court rejected Petitioner's argument that the government had violated a non-prosecution agreement. *United States v. Johnson Hyles*, 521 F.3d 946, 953 (8th Cir. 2008).

Thereafter, Petitioner filed a petition for writ of *certiorari* with the Supreme Court. The petition was denied on January 22, 2009.

## Standard for Relief Under 28 U.S.C. 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims brought under § 2255 may also be limited by procedural default. A Petitioner "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255

motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255).  Thus, a "[petitioner] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [petitioner] to relief.'"  *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)).  The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Petitioner's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Discussion

**Whether Conspiracy to commit murder for hire with death resulting Qualifies as a "Crime of Violence"**

Section 924(c)(1)(A) mandates a minimum five-year sentence for anyone convicted of "us[ing] or carr[ying] a firearm" "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A)(i). The statute defines a "crime of violence" in two subparts. The first definition is known as the "elements clause" and is found in § 924(c)(3)(A). *See United States v. Davis*, 139 S. Ct. 2319, 2324 (2019). The elements clause covers felonies that "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18

– 2 –

U.S.C. § 924(c)(3)(A). The second definition is known as the "residual clause" and is set forth in § 924(c)(3)(B). The residual clause covers felonies that "by [their] nature, involve[ ] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

*Davis* declared the "residual clause" unconstitutionally vague. 139 S.Ct. at 2336. But *Davis* did not invalidate the elements clause, and "even today the elements clause remains in force." *United States v. Taylor*, ___U.S.___,142 S. Ct. 2015, 2019.  (2022). Thus, after *Davis*, a conviction qualifies as a "crime of violence" under § 924(c) only if it satisfies the elements clause.

To determine whether a federal felony may serve as a predicate for a conviction and sentence under the elements clause the Court must apply a "categorical approach." The only relevant question is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force. *United States v. Taylor*142 S. Ct. 2015, 2020 (2022). "To determine whether [defendant's] convictions satisfy the 'force' clause, we apply the 'categorical approach,' and consider only the statutory elements of the offense. *United States v. Roblero-Ramirez*, 716 F.3d 1122, 1125 (8th Cir. 2013). If a statute covers more conduct than the definition of 'crime of violence,' and 'comprises multiple, alternative

versions of the crime,' then we may apply a 'modified categorical approach' to determine which alternative was the offense of conviction. *Descamps v. United States*, 570 U.S. 254, 133 S.Ct. 2276, 2283–84, 186 L.Ed.2d 438 (2013)." *United States v. Harper*, 869 F.3d 624, 625 (8th Cir. 2017). This approach occurs when the offense is not categorically a crime of violence but is divisible. A criminal statute is divisible when it "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Mathis v. United States*, 579 U.S. 500, 505 (2016). But a statute that merely lists "alternative means of satisfying one (or more) of its elements" is indivisible. *Id.* at 503. If a statute is "divisible," courts apply a "modified categorical approach," looking to certain permitted sources (such as the indictment or plea agreement) "to determine what crime, with what elements, a defendant was convicted of." *United States v. Kent*, 44 F.4th 773, 775–76 (8th Cir. 2022). The Government correctly argues that Section 1958 is divisible. Section 1958 has varying degrees of punishment based on the severity of the resultant injury. Section 1958 provides:

> Whoever travels in or causes another (including the intended victim) to travel in interstate or foreign commerce, or uses or causes another (including the intended victim) to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, or who conspires to do so, shall be fined under this title or imprisoned for not more than ten years, or both; and if personal injury results, shall be fined under this title or imprisoned for not more than twenty years, or both; and if death results, shall be punished by death or life imprisonment, or shall

– 4 –

be fined not more than $250,000, or both.

18 U.S.C. § 1958.

The Government was required in this matter to prove the charging offense: conspiracy to commit murder for hire which resulted in death, which clearly has as an element the use, attempted use, or threatened use of physical force against another person. *Ergo*, it qualifies as a crime of violence for the purposes of Section 924(c).

## **Conclusion**

The crime for which Petitioner was convicted satisfies the requirements of Section 924(c) and as such, Petitioner's Section 2255 Motion is without merit.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

Dated this 16th day of March, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE